**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00332-CV**
_____

**IN RE COMMITMENT OF ROBERT CONWAY**

_____

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-05-05193-CV**
_____

**MEMORANDUM OPINION**

Robert Conway was civilly committed as a sexually violent predator in 2013. In February 2022, Conway petitioned the trial court for movement to a less restrictive housing and supervision status. On September 15, 2022, the trial court denied Conway's petition. In a separate order, the trial court denied Conway's request for a hearing and for appointment of counsel to represent Conway in a proceeding under Subchapter E of Chapter 841 of the Health and Safety Code. *See generally* Tex. Health & Safety Code Ann. § 841.002(3-a) ("'Civil commitment proceeding' means a trial or hearing conducted under Subchapter D, F, or G."). Conway filed a notice of appeal.

1

On December 21, 2023, the Clerk of the Court issued a notice that the order being appealed is neither a final judgment nor an appealable order. Conway filed a response, but in that response, he failed to identify a valid basis for this Court to exercise appellate jurisdiction over his attempted appeal.

The trial court retains jurisdiction during the periods that a civil commitment judgment remains in effect. *In re Commitment of Lujan*, No. 09-22-00047-CV, 2022 WL 1177280, at *1 (Tex. App.—Beaumont Apr. 21, 2022, no pet.) (mem. op.). We lack appellate jurisdiction over interlocutory orders signed after the judgment in the civil commitment case becomes final. *Id*. Accordingly, we dismiss the appeal for lack of jurisdiction without prejudice to filing a petition for a writ of mandamus. *See* Tex. R. App. P. 42.3(a), 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on February 7, 2024
Opinion Delivered February 8, 2024

Before Golemon, C.J., Johnson and Wright, JJ.

2